# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LISA A. SMITH,**

        **Plaintiff,**

**v.**                                                   **Case No: 6:16-cv-757-Orl-DCI**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## MEMORANDUM OF DECISION

Lisa A. Smith (Claimant) appeals the Commissioner of Social Security's final decision denying her application for disability benefits. Doc. 1. Claimant argues that the Administrative Law Judge (ALJ) erred by: 1) finding that she had no severe impairments; and 2) failing to apply the correct legal standards when reviewing the Department of Veteran Affairs (VA) disability decision; 3) failing to weigh Dr. William Newman's opinion; and 4) finding her testimony concerning her pain and limitations not entirely credible. Doc. 20 at 11-19. Claimant requests that the matter be reversed and remanded for further proceedings. *Id*. at 19-20. The Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings for the reasons set forth below.

## I.   PROCEDURAL HISTORY.

This case stems from Claimant's application for disability insurance benefits (DIB). R. 143-44. Claimant alleged a disability onset date of April 4, 1999. R. 143. Claimant's application was denied on initial review, and on reconsideration. The matter then proceeded before the ALJ, who held a hearing, which Claimant and her representative attended, on August 25, 2015. R. 47-

71. The ALJ entered her decision on October 28, 2015, and the Appeals Council denied review on March 21, 2016. R. 1-3, 26-39.

## II.  THE ALJ'S DECISION.

The ALJ found that Claimant's date last insured was June 30, 2002. R. 28. The ALJ found that Claimant had the following medically determinable impairments through the date last insured: hypothyroidism with a history of Grave's disease; fibromyalgia; dysthymic disorder; pain disorder associated with both psychological factors and a general medical condition; migraines/headaches; and gastroesophageal reflux disorder. R. 29. The ALJ, though, found that Claimant did not have any severe impairments or combination of impairments through the date last insured. R. 29-38. Thus, the ALJ found that Claimant was not disabled between her alleged onset date, April 4, 1999, through her date last insured, June 30, 2002. R. 38.

## III.  STANDARD OF REVIEW.

The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards, and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the

reviewing court must affirm it if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV. ANALYSIS.

The Court, as an initial matter, notes that this appeal focuses on Claimant's application for DIB. A claimant applying for DIB is eligible for such benefits where the claimant demonstrates disability on or before the claimant's date last insured. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). Claimant alleged a disability onset date of April 4, 1999. R. 143. The ALJ found that Claimant's date last insured was June 30, 2002. R. 28. Therefore, Claimant was required to demonstrate that she was disabled on or before June 30, 2002. *Moore*, 405 F.3d at 1211. The Court, bearing this in mind, turns to Claimant's arguments.

### A. Step Two.

Claimant argues that the ALJ did not apply the correct legal standards at step two, and that her step two determination is not supported by substantial evidence. Doc. 20 at 11-13. The Commissioner argues that the ALJ properly evaluated Claimant's impairments at step two, and that her step two determination is supported by substantial evidence. Doc. 23 at 4-12.

At step two, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is severe within the meaning of the regulations if it significantly limits a claimant's ability to perform basic work activities. *See id.* at § 404.1521(a) (2015).[1] An impairment or combination of impairments is not severe when medical

---

[1] Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. 20 C.F.R. § 404.1521(b) (2015).

or other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on a claimant's ability to work. *See id.* at § 404.1521(a). The claimant bears the burden of providing substantial evidence establishing that an impairment has more than a minimal effect on the claimant's ability to perform basic work activities. *See Bridges v. Bowen*, 815 F.2d 622, 625-26 (11th Cir. 1987) (per curiam).

Claimant, as previously mentioned, argues that the ALJ did not apply the correct legal standards at step two, and that her step two determination is not supported by substantial evidence. Doc. 20 at 13. Claimant, in support of this general argument, states:

> There is a great deal of evidence of severe impairments during the relevant time period, including opinions from the VA regarding [Claimant's] employability. In a similar case, the Eleventh Circuit held that:
>
> Our concern in this case is that the Secretary, ostensibly making a threshold determination of "severe impairment," has foreclosed the appellant's ability to demonstrate the merits of her claim for disability with respect to her former work activities. We find it difficult to believe that a record containing uncontroverted medical testimony from two examining physicians, one of whom was examining the appellant at the request of her disability insurer, who concluded that the appellant is totally disabled to return to her specific former work activities, is a record which provides substantial support for a finding of "no severe impairment" as that term has been defined in *Brady*.
>
> *Flynn v. Heckler*, 768 F.2d 1273, 1275 (11th Cir. 1985) (citing *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)).
>
> [Claimant] has a longstanding history of suffering from fibromyalgia, migraine headaches, and pain. As will be discussed below, the evidence supports a finding that these impairments caused more than minimal limitations in [Claimant's] ability to function. All [Claimant] had to do was show that her physical and mental impairments were "not so slight and its effect [was] not so minimal" as required by *McDaniel v. Bowen*. [Claimant] met her burden. The ALJ failed to follow the correct standards and made findings not supported by substantial evidence.

*Id.* Claimant provides no further argument in support of her first assignment of error. *See id.* at 11-13.

The first assignment of error lacks specific arguments, with citations to the record, demonstrating that the ALJ failed to apply the correct legal standards at step two, or that her step two determination is not supported by substantial evidence. *See id.* The first assignment of error, instead, appears to be a prelude to Claimant's remaining assignments of error, which present specific arguments concerning the ALJ's consideration of the VA disability decision, Dr. Newman's opinion, and the ALJ's credibility determination. *See id.*[2] Thus, the Court finds that Claimant has effectively waived any argument not specifically addressed in her brief. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278-79 (11th Cir. 2009) (explaining that simply stating an issue exists, without further argument or discussion, constitutes abandonment of that issue). Therefore, the Court will focus on Claimant's arguments concerning the ALJ's consideration of the VA disability decision, Dr. Newman's opinion, and the ALJ's credibility determination.

---

[2] It appears that Claimant intended to argue that this case was similar to the *Flynn* case, in which the Eleventh Circuit reversed and remanded the Commissioner's decision that the claimant had no severe impairments, and that her medical history demonstrated that she suffered from severe impairments. *See* Doc. 20 at 13. These arguments, even if they were properly developed, are unavailing. First, the Court finds that *Flynn* is distinguishable, as Claimant has pointed to no treating, examining or non-examining physicians that provided opinions that Claimant suffered from severe impairments during the relevant period. *See* Doc. 20 at 13. Second, the mere diagnosis of an impairment is insufficient to establish that an impairment is severe. *See Sellers v. Barnhart*, 246 F. Supp. 2d 1201, 1211 (M.D. Ala. 2002) (citing *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986)). Thus, the fact that Claimant has a history of fibromyalgia, migraine headaches, and pain does not, standing alone, demonstrate that those impairments are severe. Therefore, in light of the foregoing, the Court finds that Claimant has failed to demonstrate, under her first assignment of error, that the ALJ failed to apply the correct legal standards at step two, or that her step two determination is not supported by substantial evidence.

### B. VA Disability Decision.

Claimant argues that the ALJ failed to apply the correct legal standards in considering the VA disability decision, and that her decision to assign the VA disability decision little weight was not supported by substantial evidence. Doc. 20 at 14-16. The Commissioner argues that that ALJ properly considered and weighed the VA disability decision, and, to the extent the ALJ committed any error with respect to the VA disability decision, the Commissioner argues that the error is harmless. Doc. 23 at 12-16.

The Social Security Administrative (SSA) regulations provide that a decision by any nongovernmental or governmental agency, such as the VA, concerning whether a claimant is disabled, based on that agency's own rules, does not constitute an SSA decision regarding whether that individual is disabled. 20 C.F.R. § 404.1504.[3] A VA disability rating, while not binding on the SSA, "is evidence that should be considered and is entitled to great weight." *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. Unit A Mar. 25 1981).

The VA issued a disability rating decision on March 25, 1999. R. 1444-48. Claimant's fibromyalgia was found to be 40% disabling, which, according to the VA regulations, indicates "widespread musculoskeletal pain and tender points, with or without associated fatigue, sleep disturbance, stiffness, paresthesias, headache, irritable bowel symptoms, depression, anxiety, or Raynaud's-like symptoms that are constant, or nearly so, and refractory to therapy." R. 1444-45.[4]

---

[3] This regulation was amended effective March 27, 2017. The regulation now provides that the Commissioner, when considering disability claims filed on or after March 27, 2017, will no longer analyze another agency's disability decision in reaching her disability determination. 20 C.F.R. § 404.1504 (2017). The claim at issue was file before March 27, 2017, and, thus, the former regulation, and the case law pertaining to that regulation, govern the outcome of this case.

[4] This is the maximum disability rating for fibromyalgia under the VA regulations. R. 1445.

Claimant's migraine headaches were found to be 30% disabling, which, according to the VA regulations, indicates "prostrating attacks occurring on an average of once a month over the last several months." *Id.* Claimant's Grave's disease was found to be 10% disabling, which, according to the VA regulations, indicates "fatigability or continuous medication is required for control." *Id.*[5] Claimant's application for individual unemployability was ultimately granted, in large part, due to the "severity of her fibromyalgia[.]" R. 1446.

The ALJ considered the VA disability decision, stating:

> As to the VA assessments of record noted above, including those that predated the alleged onset date, opinions, designations, and decisions by another agency about whether an individual is disabled is based on that . . . agency's rules and not the Social Security Administration's rules on the issue of disability (20 C.F.R. [§] 404.1504 and SSR 06-3p). Such opinions, designations, and opinions made by another agency regarding an individual's disability (or in the Navy/VA's case, "military fitness" or "unemployability") are not binding on the Social Security Administration; therefore, such "findings" are given little weight.

R. 30. The ALJ, subsequently, discussed and considered medical records from the relevant period. R. 30-38.[6]

The ALJ did not properly consider and scrutinize the VA's disability decision. The VA disability decision contained findings that Claimant was 40% disabled due to her fibromyalgia, 30% disabled due to her migraine headaches, and 10% disabled due to her Graves disease. R.

---

[5] The VA disability decision found Claimant's other diagnoses (i.e., patellofemoral pain syndrome, left knee with osteoporosis; and patellofemoral pain syndrome, right knee with osteoporosis) were not disabling at all. R. 1444-46.

[6] The ALJ also considered relevant evidence that pre-dated and post-dated the relevant period. R. 30-38.

1444-46.[7] The ALJ did not discuss these specific disability ratings. *See* R. 26-39. The ALJ, instead, simply noted the existence of the VA's disability decision and assigned it little weight because it was made by another agency. R. 30. This reason, standing alone, is not a sufficient basis to assign the VA's disability decision little weight. *See, e.g.*, *Brown-Gaudet-Evans v. Comm'r of Soc. Sec.*, 673 F. App'x 902, 904 (11th Cir. 2016) (per curiam);[8] *Bolden v. Acting Comm'r of Soc. Sec. Admin.*, Case No. 8:16-cv-826-T-MCR, 2017 WL 3821995, at *2 (M.D. Fla. Sept. 1, 2017) (citing authority). The ALJ, instead, must provide specific reasons for discounting the VA's disability decision. *Brown-Gaudet-Evans*, 673 F. App'x at 904 ("[T]he ALJ must seriously consider and closely scrutinize the VA's disability determination and must give specific reasons if the ALJ discounts that determination.") (citing *Rodriguez*, 640 F.2d at 686). That did not occur here. Thus, the Court finds that the ALJ did not properly consider and scrutinize the VA's disability decision.

The Commissioner maintains that the ALJ sufficiently considered and scrutinized the VA's disability decision. Doc. 23 at 13-14. The Commissioner relies on two Eleventh Circuit decisions, *Adams v. Comm'r of Soc. Sec.*, 542 F. App'x 854 (11th Cir. 2013) (per curiam) and *Boyette v. Comm'r of Soc. Sec.*, 605 F. App'x 777 (11th Cir. 2015) (per curiam). *Id.* The *Adams* and *Boyette* decisions are distinguishable from this case. The ALJs in *Adams* and *Boyette* closely scrutinized the VA's disability decision, and gave specific reasons why it was not entitled to great weight.

---

[7] The VA disability decision was rendered approximately a week before the alleged onset date. R. 1444-48. There, however, is no dispute that the ratings in the VA disability decision remained in effect after the alleged onset date, and should have been considered and scrutinized by the ALJ. *See* Docs. 20; 23.

[8] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

*Adams*, 542 F. App'x at 857; *Boyette*, 605 F. App'x at 779. That did not occur here, and, thus, the *Adams* and *Boyette* are distinguishable.

The ALJ, as previously mentioned, assigned the VA disability decision little weight because it was rendered by another agency. R. 30. The ALJ then proceeded to thoroughly discuss the relevant medical evidence of record. R. 30-38. There is nothing in the ALJ's decision, however, indicating that this discussion was intended to support her decision to assign little weight to VA disability decision. The ALJ, for example, never discussed Claimant's disability ratings, and why those disability ratings were entitled to little weight based on the evidence from the relevant period. Thus, on this record, the Court finds the Commissioner's argument unavailing. Further, the Court finds that the ALJ's failure to properly consider and scrutinize the VA disability decision is not harmless error, as proper consideration and close scrutiny of the VA disability decision may alter the ALJ's step two determination. Therefore, the Court finds Claimant's second assignment of error availing, and will remand the case to the Commissioner so she can consider and scrutinize the VA disability decision, and provide specific reasons in support of the weight she assigns the VA disability decision.

**C. Dr. Newman.**

Claimant argues that the ALJ failed to weigh Dr. Newman's opinion. Doc. 20 at 16-18. The Commissioner maintains that the ALJ considered Dr. Newman's opinion, but acknowledges that the ALJ did not weigh Dr. Newman's opinion. Doc. 23 at 16. The Commissioner, however, argues that the ALJ's failure to weigh Dr. Newman's opinion is harmless because his opinion was consistent with the ALJ's determination that Claimant did not suffer from any severe impairments during the relevant period. *Id*.

The consideration and weighing of medical opinions is an integral part of the sequential evaluation process. The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned to each opinion. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the weight prohibits the Court from determining whether the ultimate decision is rational and supported by substantial evidence. *Id*.

Claimant appeared before Dr. Newman, an endocrinologist, for an evaluation of her hypothyroidism on January 9, 2002. R. 1610-11. Dr. Newman discussed Claimant's relevant medical history, stating:

> Patient with Graves disease treated in 1993 initially with ATD then with I131. Since has had numerous adjustments of thyroid medications and patient wonder[s] if all adjustments are appropriate.
>
> Patient has complex past history involving fibromyalgia and likely irritable bowel syndrome. Her fibromyalgia is exacerbated and remittent with the patient often finding it difficult to separate symptoms of different disorders.

R. 1611. Dr. Newman noted that Claimant complained of fatigue, dry mouth, multiple aches and pains, palpitations, and marked bowel dysfunction with intermittent constipation and diarrhea. *Id*. Claimant's physical examination was unremarkable. *Id*. Dr. Newman provided the following assessment:

> Post I131 hypothyroid and currently clinically euthyroid. Interpretation of her clinical symptoms is complicated by her fibromyalgia. The stress from fibromyalgia is probably sufficient to cause the non-thyroidal illness syndrome resulting in suppressed TSH level without exogenous thyroid excess. The symptoms are also confusing.

*Id.* Dr. Newman planned to "[a]lter [Claimant's] thyroid hormone dose levels only when free T4 level is disturbed," and directed her to "[f]ollow up in endocrinology clinic given her complicated hypothyroidism." *Id.*

The ALJ expressly considered Dr. Newman's January 9, 2002 treatment note, but, as Claimant argues and the Commissioner concedes, she did not assign any weight to the treatment note. R. 31. The Court is not persuaded that the ALJ was required to weigh this particular treatment note, but, to the extent the ALJ should have weighed it, the Court finds that the ALJ's failure to do so is harmless error. Claimant argues that Dr. Newman's treatment note "supports a finding that [her] physical impairments were severe." Doc. 20 at 17. The Court disagrees. Dr. Newman, as an endocrinologist, was focused on Claimant's thyroid issues. R. 1610-11. Dr. Newman apparently considered Claimant's other impairments, including her fibromyalgia, in an effort to determine whether those impairments were impacting Claimant's thyroid impairment. R. 1611. Thus, Dr. Newman was not evaluating the severity of Claimant's other impairments, but simply considering whether they impacted Claimant's thyroid impairment. *Id.* Dr. Newman found that Claimant's thyroid was clinically euthyroid, i.e., normal, and proposed that Claimant undergo treatment only when her T4 levels were disturbed. *Id.*[9] Dr. Newman's findings do not demonstrate that the Claimant's thyroid impairment (or any other impairment) was severe, i.e., significantly limited Claimant's ability to perform basic work activities. *See id.* Dr. Newman's findings, instead, appear to be consistent with the ALJ's determination that her hypothyroidism was not a severe impairment during the relevant period. Thus, the Court finds that remanding the case to the Commissioner would not alter the outcome of the case, and, as a result, finds that the ALJ's failure

---

[9] This course of action suggests that Claimant's hormone levels were normal at the time of Dr. Newman's evaluation.

- 11 -

to weigh Dr. Newman's January 9, 2002 treatment note is harmless error. *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) ("When . . . an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir. 1983)). Therefore, the Court finds Claimant's third assignment of error unavailing.

### D. Credibility.

Claimant argues that the ALJ did not apply the correct legal standards in reaching her credibility determination, nor is her credibility determination supported by substantial evidence. Doc. 20 at 18-19. The Commissioner argues that the ALJ's credibility determination is supported by substantial evidence. Doc. 23 at 16-20.

The ALJ found Claimant's testimony concerning the intensity, persistence and limiting effects of her symptoms "not entirely credible," and articulated several reasons in support of that determination. R. 35-38. Claimant argues that the ALJ's credibility determination is erroneous because "the ALJ failed to apply the correct legal standards to the VA's determining of disability and Dr. Newman's opinion." *Id*. at 19. Thus, Claimant's argument depends upon the success of her second and third assignments of error. The Court determined that the ALJ failed to apply the correct legal standards with respect to the VA's disability decision. *See supra* pp. 6-9. Therefore, the Court finds Claimant's fourth assignment of error availing.

## V. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 26, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Mary Brennan
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc.
500 East Broward Blvd.
Suite 1000, 10th Floor
Ft. Lauderdale, FL 33394